**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-11076**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-00050-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC J. REED,
a.k.a. Elderidge Percell Rolle,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(November 29, 2005)**

**Before BLACK, BARKETT and WILSON, Circuit Judges.**

**PER CURIAM:**

Isaac J. Reed appeals his conviction and 188-month sentence for possession

with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  On appeal, Reed argues that the court erred when it sentenced him pursuant to the career offender guideline, U.S. Sentencing Guidelines Manual, § 4B1.1,  because it increased his sentence based on findings of facts that were neither charged in the indictment nor stipulated to at the plea hearing.  He argues under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005) that the Fifth Amendment requires that his prior criminal offenses be alleged in the indictment, and that the Sixth Amendment prohibits his sentence from being increased based on facts never stipulated to nor proven to a jury.  Reed also argues that although the district court acknowledged that it was operating under an advisory Guideline scheme, it erred when it proceeded to sentence Reed as if the Guidelines were still mandatory.

Because Reed objected to an enhancement to his sentence in the district court, we review the sentence *de novo*, and will reverse only if any error was harmful.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).  The government has the burden of showing that any error was harmless beyond a reasonable doubt.  *Id*.

Although the parties disagree over whether Reed admitted his prior

2

convictions at his sentencing hearing, we do not need to rule on this issue. In *Almendarez-Torres v. United States*, 523 U.S. 224, 228-47, 118 S. Ct. 1219, 1223-33, 140 L. Ed. 2d 350 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.

Reed suggests that decisions subsequent to *Almendarez-Torres*, such as *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Blakely*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403; and *Shepard v. United States*, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), cast doubt over *Almendarez-Torres*'s validity. We have held, however, that, until the Supreme Court explicitly overrules *Almendarez-Torres*, it is still law that is binding upon this Court. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam) (citations omitted), *cert. denied,* ___ S. Ct. ___ (U.S. Oct. 11, 2005); *see also, e.g., United States v. Orduno-Mireles*, 405 F.3d 960, 963 (11th Cir. 2005) (citations omitted). Because the Supreme Court has not overruled *Almendarez-Torres*, it still controls the outcome of this case. Accordingly, the district court committed no *Blakely/Booker* error in considering Reed's prior convictions at sentencing.

Furthermore, we reject Reed's claims that the district court imposed an unreasonable sentence in excess of the statutory maximum without proper consideration of the sentencing factors in 18 U.S.C. § 3553(a). We have held that in conducting a review for reasonableness, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."[1] *United States v. Scott*, 11th Cir. 2005, ___ F.3d ___, (No. 05-11843, Sept. 27, 2005). As to what constitutes the statutory maximum in a post-*Booker* era, we have stated that because *Booker* made the Guidelines advisory, the Guidelines' various top ranges no longer constitute "little relevant maximums," leaving "as the only maximum sentence the one set out in the United States Code."[2] *United States v. Duncan*, 400 F.3d 1297, 1303 (11th Cir.), *cert. denied*, ___ S. Ct. ___ (U.S. Oct. 11, 2005). We hold that the district court adequately considered the relevant factors in 18 U.S.C. § 3553(a) when the court stated that the sentence was appropriate based on all of the facts of the case and the amount of drugs

---

[1]Section 3553(a) provides that district courts imposing a sentence must first consider, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and the kinds of sentences and sentencing range the Guidelines established. *See* 18 U.S.C. § 3553(a).

[2]The statutory maximum sentence for Reed would be 40 years, which is well above his actual sentence. 21 U.S.C. § 841(b)(1)(B).

attributable to the defendant.

Finally, the district court did not treat the Guidelines as mandatory in violation of *Booker*. *Booker*, 545 U.S. ___, 125 S. Ct. at 756-57. The district court specifically acknowledged that it could only consider the Guidelines to be advisory. Furthermore, as stated *supra*, the district court appropriately based the sentence upon consideration of the factors in 18 U.S.C. § 3553(a).

Based on a review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm Reed's conviction and sentence for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

**AFFIRMED.**